UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TINA M. HALE, as next of kin of MICHAEL HALE, DECEASED §§§§§ *Plaintiff*, v. ASSURITY LIFE INSURANCE COMPANY, *Defendant*. | Civil Action No. SA-20-CV-250-XR |

## ORDER

On this date, the Court considered Defendant's motion to dismiss (docket no. 19). After careful consideration, Defendant's motion to dismiss is **GRANTED**.

## BACKGROUND

Plaintiff Tina M. Hale brings this action against Defendant Assurity Life Insurance Company ("Assurity"), alleging claims stemming from a life insurance policy issued to her husband, Michael Hale, before his death.

On May 4, 2016, Mr. Hale obtained a 20-year term life insurance policy with a face value of $250,000 (the "Policy") issued on form "I L0760". Mr. Hale paid a monthly premium of $141.81, based on the rate for a 42-year-old non-smoker. Docket no. 18 ¶ 7. After Mr. Hale's death, an investigation revealed that he had been untruthful in his answer to the tobacco question on his life insurance application, and the Policy should have been issued with a Standard Tobacco rating rather than a Standard Non-Tobacco rating. *Id.* ¶ 11. Defendant applied the premiums as if they had been paid toward a policy with a Standard Tobacco rating issued on form I L0760 and determined that the

1

benefits payable under the policy were $99,724.74. *Id.* ¶ 12. In April 2019, Plaintiff obtained an illustration from Defendant, using form "I L1702", for a 42-year-old male, tobacco-rated, 20-year level term policy with a benefit of $250,000, indicating a monthly premium of $107.23—less than the premium Mr. Hale had paid on his non-tobacco-rated policy. *Id.* ¶ 9. Plaintiff asserts that the illustration demonstrates that she is entitled to an additional death benefit of $150,275.76 (the difference between the face value of the Policy and the settlement amount), plus a refund for premium overpayments totaling $726.18, and 3% interest from the date of Mr. Hale's death. *Id.* ¶ 21.

Plaintiff filed her original petition in state court on January 17, 2020, asserting causes of action for negligence, negligent misrepresentation, gross negligence, deceptive insurance practices, and violations of the Texas Deceptive Trade Practices Act ("DTPA"), DTPA tie-in statutes, and Texas Insurance Code. Docket no. 1-1. Defendant removed the case to this Court on March 2, 2020, on the basis of diversity jurisdiction. Docket no. 1. On March 16, 2020, Defendant filed its first motion to dismiss, arguing that Plaintiff's original complaint failed to plead her allegations of fraud and misrepresentation with sufficient particularity to satisfy Rule 9(b) of the Federal Rules of Civil Procedure. Docket no. 5. On May 20, 2020, the Court held a status conference and, after hearing arguments from both parties, granted Defendant's first motion to dismiss (docket no. 5) with leave for Plaintiff to file an amended complaint within 21 days.

Plaintiff filed her amended complaint ("Amended Complaint") on June 9, 2020. Docket no. 18. In addition to the causes of action Plaintiff asserted in her original petition, Plaintiff's Amended Complaint alleges a new claim for breach of contract. *Id*. On June 23, 2020, Defendant moved to dismiss the Amended Complaint with prejudice for failure to state a claim for relief that satisfies the pleading requirements of Federal Rule of Civil Procedure 8(a) and, with respect to Plaintiff's claims sounding in misrepresentation, the heightened pleading standards under Rule 9(b). Docket no. 19.

**DISCUSSION**

**I.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir.2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir.2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

"Claims alleging fraud and fraudulent inducement are subject to the requirements of Rule 9(b) of the Federal Rules of Civil Procedure." *Schnurr v. Preston*, No. 5:17–CV–512–DAE, 2018 WL 8584292, at *3 (W.D. Tex., May 29, 2018). Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the

statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. VMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). "Directly put, the who, what, when, and where must be laid out." *Id.* at 178. "Facts and circumstances constituting charged fraud must be specifically demonstrated and cannot be presumed from vague allegations." *Howard v. Sun Oil Co.*, 404 F.2d 596, 601 (5th Cir. 1968). "Anything less fails to provide defendants with adequate notice of the nature and grounds of the claim." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). "Although the language of Rule 9(b) confines its requirements to claims of . . . fraud, the requirements of the rule apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. March 31, 1998). Thus "[c]laims alleging violations of the Texas Insurance Code and the DTPA and those asserting . . . negligent misrepresentation are subject to the requirements of Rule 9(b)." *Id.*

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party to the. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

## II.   Analysis

Plaintiff does not contest Assurity's finding that Mr. Hale misrepresented his tobacco use when he applied for the Policy. Instead, Plaintiff's claims are based on the fact that a smoker in 2019 could have purchased an insurance policy from Assurity nearly identical to the one issued to Mr. Hale as a non-smoker in 2016, but paid significantly lower premiums. Plaintiff alleges that Assurity made misrepresentations and engaged in unfair settlement practices that resulted in the overpayment of premiums and the underpayment of benefits under the Policy.

### A.  DTPA, DTPA tie-in statutes, Texas Insurance Code

Plaintiff asserts claims for misrepresentation and unfair settlement practices in violation of Chapter 541 of the Texas Insurance Code, the DTPA, and DTPA tie-in statutes. Docket no. 18 ¶¶ 20–33. Defendant contends that Plaintiff's claims under the Texas Insurance Code must fail because she cannot establish that she is entitled to the benefits under the Policy. "The general rule is that an insured cannot recover policy benefits for an insurer's statutory violation if the insured does not have a right to those benefits under the policy. This rule derives from the fact that the Insurance Code only allows an insured to recover actual damages 'caused by' the insurer's statutory violation." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 484, 489 (Tex. 2018). When a plaintiff "seeks to recover damages that 'are predicated on,' 'flow from,' or 'stem from' policy benefits, the general rule applies and precludes recovery unless the policy entitles the insured to those benefits." *Id.* (citing *Provident Am. Ins. Co. v. Castañeda*, 988 S.W.2d 189, 198 (Tex. 1998)).

Though her claims plainly stem from the benefits under the Policy, Defendant argues that Plaintiff does not have a right to recover under the Policy "in light of the fact that she does not dispute the material misrepresentation made in obtaining the Policy and/or that the Policy should not have

5

been issued as it was." Docket no. 5 at 4.[1] The materiality of a misrepresentation made in an application for an insurance policy is a question of fact, however, and dismissal of Plaintiff's statutory claims on this basis would be inappropriate at this stage. TEX. INS. CODE § 705.004. Still, to the extent that Plaintiff's statutory claims rely on insurance products and rates outside of the policy that Mr. Hale purchased in 2016, Defendant is correct that the claims cannot survive. Plaintiff does not have the right to recover the benefits of a policy issued under form I L1702, an entirely different insurance product that Plaintiff concedes "was not available when the Hale policy was purchased." Docket no. 18 ¶ 14. Plaintiff does not set forth any factual allegations to explain why she should be permitted to rely upon form I L1702, except to assert that "every facet and feature of I L1702 is the same as form filing I L0760." *Id.* The similarities that Plaintiff perceives in the two forms do not plausibly establish that she is entitled benefits under a policy that Mr. Hale never purchased. Thus, Plaintiff cannot show any damages flowing from the benefits of the policy used in the 2019 illustration.[2] Thus, Plaintiff's claims under the Texas Insurance Code must fail insofar as they depend on the 2019 illustration.

All of Plaintiff's claims under the Texas Insurance Code, the DTPA, and DTPA tie-in statutes ultimately fail because they do not satisfy the heightened pleading requirements under Rule 9(b). *Frith*, 9 F. Supp. 2d at 742. Plaintiff's allegations do little more than assert wrongdoing by Assurity in broad and vague terms and recite the statutory language providing the basis for her claims. For

---

[1] This argument is set forth in Defendant's first motion to dismiss but is also incorporated by reference in the instant motion. *See* docket no. 19 at 6.

[2] Plaintiff also alleges that the 2019 illustration violated the Texas Insurance Code tie-in statutes because Assurity had not filed form I L1702 with the Texas Department of Insurance ("TDI") before using it in the illustration. Plaintiff is correct that Texas insurers "must file with the [TDI] any advertisement or other solicitation materials used to market life settlement contracts . . . before the date such materials are disseminated." 28 TEX. ADMIN. CODE § 3.1744. The Texas Insurance Code, however, does not specifically authorize a private right of action based on an insurance company's failure to comply with such regulatory requirements. TEX. INS. CODE § § 541.151. Even if Plaintiff recharacterized the claim as some kind of misrepresentation at the time of the illustration, any action based on this alleged omission would fail because Plaintiff cannot establish (1) that she is entitled to the benefits of a policy under form I L1702 or (2) that she has sustained any actual damages as a result of Assurity's failure to file the form.

example, Plaintiff alleges that "Assurity's acts and omissions related to communicating that the policyholder has rights not conferred [and] failing to disclose material information . . . in violation of the Texas Insurance Code. For these reasons, Assurity's actions are unconscionable, and amount to unfair business practices." Docket no. 18 ¶ 21. Plaintiff further asserts that Defendant "represented to [Plaintiff] that the insurance policies and [Assurity's] services had characteristics and benefits that it did not have," and "that the insurance policies [and] services were of [a] particular standard, quality or grade when they were another." Docket no. 18 ¶¶ 24–25 (mirroring the language in Sections 17.46(b)(5), (7) of the DTPA). Such legal conclusions are not entitled to the presumption of truth and must be supported by other factual allegations.

The Amended Complaint does not identify any specific statements made by, or on behalf of Assurity, or explain how those statements amounted to misrepresentations, instead referring to Defendant's "collective actions." Docket no. 18 ¶ 23. Plaintiff's statutory claims fail to allege with sufficient specificity the "who, what, when, and where" of the alleged representations. *Williams*, 112 F.3d at 177. Plaintiff's allegations about the 2019 illustration do not shed any light on the timing or substance of the claims sounding in misrepresentation. It is unclear, for example, whether Plaintiff intends to allege that Assurity made misrepresentations in 2016 that induced Mr. Hale to purchase the Policy or made misrepresentations in settling Plaintiff's claim in 2019. Plaintiff has not put Assurity on fair notice of the allegations made against it. *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. 4:09-CV-1728, 2009 WL 3602043 (S.D. Tex. Oct. 27, 2009) ("Plaintiffs must put defendants on fair notice of the allegations against them; not require defendants to 'glean' the factual basis of such allegations from a list of ambiguous legal conclusions"). Accordingly, Plaintiff's statutory claims must be dismissed for failing to satisfy the pleading requirements of Rule 9(b).

### B. Negligent Misrepresentation

Relying on the same set of operative facts used to support her statutory claims (docket no. 18 at 2–4), Plaintiff also asserts a claim for negligent misrepresentation. *Id.* ¶¶ 17–19. To state a claim for negligent misrepresentation, a plaintiff must show that "(1) the defendant made a representation in the course of its business or in a transaction in which it had an interest, (2) the defendant supplied false information for the guidance of others in their business, (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information, and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation." *Kersh v. UnitedHealthcare Ins. Co.*, 946 F. Supp. 2d 621, 638-39 (W.D. Tex. 2013) (quoting *Cunningham v. Tarski*, 365 S.W.3d 179, 186–87 (Tex. App.—Dallas 2012, pet. denied)). A claim for negligent representation is subject to the heightened requirements of Federal Rule of Civil Procedure 9(b). *Frith*, 9 F. Supp. 2d at 742; *see also Benchmark Elecs. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003) (evaluating negligent misrepresentation in the same manner as fraud in part because both were "based on the same set of alleged facts"); *see also Biliouris v. Sundance Res., Inc.*, 559 F. Supp. 2d 733, 737 (N.D. Tex. 2008) (dismissing negligent misrepresentation claim that was based on the same operative facts as an insufficient fraud claim); *Kougl v. Xspedius Mgmt. Co.*, No. 3:04–CV–2518–D, 2005 WL 1421446, at *5–6 (N.D. Tex. June 1, 2005) (dismissing negligent misrepresentation claim that restated the same factual basis as a fraud claim for failure to satisfy Rule 9(b)).

Plaintiff's negligent misrepresentation claim fails to satisfy Rule 9(b) for the same reasons as the statutory claims discussed above. The Amended Complaint simply recites the elements of a cause of action for negligent misrepresentation, alleging that "Defendant made representations to Plaintiffs [*sic*]. . . [and] failed to exercise reasonable care or competence in obtaining or communicating the information," and that Plaintiff "justifiably relied" on those representations. Docket no. 18 ¶ 18.

8

Plaintiff fails to offer a single fact to support this theory of liability, let alone provide the heightened level of factual support required under Rule 9(b). Plaintiff does not identify the agent or agents who made the alleged misrepresentations, when or where the representations were made, and or how the acts constituted a misrepresentation. Plaintiff has not asserted factual allegations with the particularity required to state a claim for negligent representation and her claim must be dismissed. *Williams*, 112 F.3d at 178.

### C. Negligence and Gross Negligence

Plaintiff asserts claims for negligence and gross negligence based on Assurity's alleged breach of fiduciary duty, a "special relationship of trust" that Assurity created by "repeatedly represented themselves as experts acting as agents on [Plaintiff's] behalf." Docket no. 18 at ¶ 17.

A negligence claim requires "(1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). "The threshold inquiry in a negligence case is duty." *Id.* Under Texas law, "there is no general fiduciary duty between an insurer and its insured." *Wayne Duddlesten, Inc. v. Highland Ins. Co.*, 110 S.W.3d 85, 96 (Tex. App.—Houston 2003, pet. denied). "Proving the existence of a fiduciary relationship requires more than just evidence of prior dealings between the parties, and subjective trust by one party in another does not establish the requisite confidential relationship." *Id*. "To impose an informal fiduciary relationship in a business transaction, the requisite special relationship of trust and confidence must exist prior to, and apart from, the agreement made the basis of the suit." *Id.* Similarly, "[i]n order for a tort duty to arise out of a contractual duty, *i.e.* negligent failure to perform a contract, the liability must arise 'independent of the fact that a contract exists between the parties.'" *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997) (citing *United Serv. Auto. Assn. v. Pennington,* 810 S.W.2d 777,

783 (Tex. App.—San Antonio 1991, writ denied). "In essence, Texas law does not recognize a cause of action for negligent claims handling" because such a claim is "solely contractual in nature". *Higginbotham*, 103 F.3d at 460. "When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract." *Pennington*, 810 S.W.2d at 783.

As a preliminary matter, Plaintiff's negligence claim appears to rest on the same facts used to support her causes of action for negligent misrepresentation and violations of the DTPA and the Texas Insurance Code. To the extent that Plaintiff intends to assert a claim of negligence independent of Assurity's alleged misrepresentations, the Amended Complaint does not provide enough factual allegations to draw a reasonable inference that Defendant breached a duty owed to Plaintiff. The Court cannot reasonably infer that Defendant owed Plaintiff a fiduciary duty, because the Amended Complaint does not set forth any facts to establish the existence of an informal relationship with Assurity agents outside of the Policy. *Wayne Duddlesten, Inc.*, 110 S.W.3d 85 at 96. Even if the mere existence of an insurance contract created a fiduciary duty, the factual allegations in the Amended Complaint do not give the Court any indication of how Defendant allegedly breached this heightened duty.

While Defendant does owe Plaintiff a duty of ordinary care, that duty is inapplicable here because this action properly lies in contract law rather than in tort law. Plaintiff's negligence claim stems from Assurity's alleged overcharging of premiums and underpayment of benefits, which are both unquestionably the subject matter of the Policy. Plaintiff has not alleged any liability that would arise independent of the fact that a contract exists between the parties. Because Plaintiff's alleged economic loss originates solely from Assurity's alleged failure to perform its obligations under the Policy, she has failed to state a claim for negligence. *See Wismer Distributing Co. v. Brink's, Inc.*, 202 Fed. Appx. 729, 731 (5th. Cir. 2006) ("It is well-settled under Texas law . . . that: 'When the injury is

only the economic loss to the subject matter of a contract itself, the action sounds in contract alone.'") (quoting *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986)).

Because Plaintiff has failed to adequately plead negligence, she cannot state a claim for gross negligence. See *Charles v. K-Patents, Inc.*, No. 1:17-CV-339, 2018 WL 9869532, at *8 (E.D. Tex. Aug. 10, 2018) ("[O]ne's conduct cannot be grossly negligent without being negligent.") (quoting *Trevino v. Lightning Laydown, Inc.*, 782 S.W.2d 946, 949 (Tex. App.—Austin 1990, writ denied)). Accordingly, the claims for negligence and gross negligence must be dismissed.

### D. Breach of Contract

The Amended Complaint adds a claim for breach of contract. Docket no. 18 ¶ 34. In Texas, a claim for breach of contract requires "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston 2005, pet. denied)). To properly plead a breach-of-contract claim, "a plaintiff must identify a specific provision of the contract that was allegedly breached." *Innova Hosp. San Antonio, L.P.*, 995 F. Supp. 2d at 602.

As Defendant notes, "Plaintiff merely provides the elements for breach of contract without explaining how any are met in the instant case." Docket no. 19 at 5. Plaintiff alleges that Assurity breached its contractual obligations, presumably by failing to pay the full face value of the Policy, and asserts that she hired "a recognized expert in this area to do a separate investigation," who "identified how Assurity erred in its claim decision." Docket no. 18 ¶ 12. But the Amended Complaint fails to identify the specific provision in the Policy that Defendant allegedly breached in making its determination. *Id*. Accordingly, Plaintiff's assertion that the payment under the Policy was less than

11

she was owed, though apparently endorsed by an expert in the insurance industry, is insufficient to state a claim for breach of contract.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Amended Complaint (docket no. 19) is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to enter a final judgment pursuant to Rule 58 that Plaintiff take nothing and to close this case.

It is so **ORDERED**.

SIGNED this 9th day of October, 2020.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE